```
         UNITED STATES DISTRICT COURT
         SOUTHERN DISTRICT OF FLORIDA
              10-24092-CIV-HOEVELER
```

WILLIAM CADOW and
KAREN CADOW,

    Plaintiffs,

v.

SANDALS RESORTS INTERNATIONAL,
SANDALS HALCYON BEACH ST. LUCIA,
and CLASSIC VACATIONS, LLC

    Defendants.
_____/

### ORDER

BEFORE the Court is the defendant, Classic Vacation's motion to dismiss the claims in Counts XV and XVI of the plaintiffs' complaint. Briefing is complete and the Court is fully advised in the premises. For the reasons that follow, the motion to dismiss is granted in part, and denied in part.

### II. Background

In September 2009, husband and wife William and Karen Cadow booked an anniversary vacation package to St. Lucia through a California-based travel agency, Classic Vacations, LLC. The plaintiffs claim Classic Vacations sold them an all inclusive nine-day stay at Sandals Halcyon Resort in a "Grande Luxe Beachfront Room" with a full ocean view. Once the Cadows arrived in St. Lucia on April 9, 2010, however, a Sandals employee told them the "Grande Luxe Beachfront Room" was unavailable, and they would be "upgraded"

1

to a better room. The Cadows were disappointed to discover the upgraded room offered only a "small partial ocean view." Compl. ¶ 12. Unfortunately, their vacation took another turn for the worse on the second night, when the Cadows returned to their hotel room only to discover a resort employee hiding under the bed. The employee allegedly threatened the Cadows with a gun and assaulted them while trying to escape with their laptop computer, digital camera, and other property. Compl. ¶¶ 15-16.

On November 15, 2010, the plaintiffs filed this federal lawsuit based on 28 U.S.C. § 1332, because of the amount in controversy and the diversity of the parties. In their complaint, they assert sixteen counts of various misconduct and wrongdoing against Sandals Resorts, Sandals Halcyon, and Classic Vacations. The only counts pertaining to Classic Vacations are Counts XV and XVI. In Count XV, the Cadows allege Classic Vacations negligently failed to warn them about prior crimes at the resort. In Count XVI, they claim Classic Vacations fraudulently induced them to book their trip by misrepresenting the view from the Grande Luxe hotel room.

## II. Standard

In deciding a Rule 12(b)(6) motion to dismiss, the Court accepts the plaintiff's factual allegations and views them favorably to the plaintiff. Pielage v. McConnell, 516 F.3d 1282, 1284 (11th Cir. 2008). Conclusory allegations, however, are not entitled to a presumption of truth. Ashcroft v. Iqbal, 129 S.Ct.

1937, 1951 (2009). Under the Twombly-Iqbal plausibility standard, a claim is plausible when the plaintiff alleges facts that "allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 129 S.Ct. at 1949; Randall v. Scott, 610 F.3d 701, 708, n. 2 (11th Cir. 2010). The plaintiff must allege enough facts "to raise a reasonable expectation that discovery will reveal evidence" that supports the plaintiff's claim, Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 556 (2007), and a complaint will not suffice "if it tenders naked assertions devoid of further factual enhancement." Iqbal, 129 S.Ct. at 1949.

### III. Analysis

#### A.

In Count XV, the plaintiffs allege Classic Vacations negligently failed to warn them about past incidents of crime at Sandals in St. Lucia. To the extent the booking agent knew about a particular crime risk at the Halcyon hotel, there would be a commensurate duty to warn the plaintiffs. See, e.g., Cutchin v. Habitat Curacao-Maduro Dive Fanta-Seas, Inc., 1999 WL 33232277, *6 (S.D. Fla. 1999); Manahan v. Yacht Haven Hotel, 821 F. Supp. 1110, 1113 (D. V.I. 1992). The plaintiffs claim Classic "knew of several other complaints and crimes reported with regard to the Sandals Halcyon Beach"; specifically, the plaintiffs allege Classic knew about "criminal acts of Sandals' employees occurring at the hotel." Compl. ¶ 97. As always, in considering a motion to dismiss the

Court must accept the veracity of well-pleaded factual allegations and determine whether they plausibly give rise to an entitlement to relief. See American Dental Ass'n v. Cigna Corp., 605 F.3d 1283, 1290 (11th Cir. 2010). The Court finds that the plaintiffs' contention that Classic knew about criminal activities within the hotel staff is sufficient to pass Rule 12(b)(6) scrutiny. Classic's motion to dismiss Count XV is denied.

**B.**

Next, Classic Vacations submits that the plaintiffs' fraud claim in Count XVI must be dismissed for several reasons.[1] First, Classic points out the plaintiffs never actually visited a Grande Luxe Beachfront Room; thus, for all the Cadows know, the view from the Grande Luxe room is just as impressive as Classic promised.[2]

---

[1] Under Florida law, the elements of fraud and fraudulent inducement are substantially similar. The elements of fraud are "(1) a false statement concerning a material fact; (2) knowledge by the person making the statement that the representation is false; (3) the intent by the person making the statement that the representation will induce another to act on it; and (4) reliance on the representation to the injury of the other party." Lance v. Wade, 457 So. 2d 1008, 1011 (Fla. 1984). To state a claim for fraud in the inducement, a plaintiff must show that: "(1) a false statement was made regarding a material fact; (2) the individual who made the statement knew or should have known that it was false; (3) the maker intended that the other party rely on the statement; and (4) the other party relied on the false statement to its detriment." Taylor Woodrow Homes Florida, Inc. v. 4/46-A Corp., 850 So. 2d 536, 542 (Fla. 5th DCA 2003).

[2] The Cadows' lawyer ponders that, "[o]ne can only imagine what the view from the room Classic booked for them would have been like" since even the upgrade had only "a sliver of a beach view." Pls.' Opp. to Mot., p. 9, ECF No. 9. The Court notes that, even if the Grande Luxe lacked a "full beachfront view" it is not clear what the plaintiffs' are claiming as damages, since the Grande Luxe

4

Further, Classic contends the plaintiffs failed to plead their fraud claim with particularity, as required by Rule 9(b) of the Federal Rules. In particular, Classic points out that the Cadows did not allege certain details such as the identity of the person who made the misrepresentations. The Court agrees that the fraud claim in Count XVI has not met the pleading requirements of the Federal Rules. The motion to dismiss Count XVI is granted. The plaintiffs are given twenty days to amend their complaint, if they wish. Accordingly, it is hereby

**ORDERED AND ADJUDGED:** Classic Vacations' motion to dismiss Counts XV and XVI is granted in part, and denied in part. Count XVI is dismissed, without prejudice. The plaintiffs are entitled to file an amended complaint within twenty days of this order.

**DONE AND ORDERED** in Miami, Florida, April 19, 2011.

_____
WILLIAM M. HOEVELER
SENIOR UNITED STATES DISTRICT JUDGE

---

rooms were occupied anyway, and Sandals made the Cadows stay in a different kind of room.

5